398 So.2d 134 (1981)
Michael Joseph VOLKER, Plaintiff-Appellant,
v.
Victoria McGlone VOLKER, Defendant-Appellee.
No. 8126.
Court of Appeal of Louisiana, Third Circuit.
April 15, 1981.
*135 Knoll & Knoll, Kerry L. Spruill, Marksville, for plaintiff-appellant.
Ben C. Bennett, Jr., Marksville, for defendant-appellee.
Before CULPEPPER, FORET and STOKER, JJ.
FORET, Judge.
Michael Joseph Volker (Plaintiff) brought this action for divorce against his wife, Victoria McGlone Volker (Defendant). The trial court rendered judgment in favor of defendant, dissolving forever the bonds of matrimony existing between the parties and condemned the plaintiff to pay alimony to defendant. Plaintiff appeals only from that part of the trial court judgment which awards alimony to the defendant.

FACTS
Plaintiff and defendant were married on November 19, 1977, in Dupont, Louisiana. Plaintiff is a member of the armed services and was assigned to a post overseas approximately one week after the marriage. The parties lived together as husband and wife only for this one-week period.
Defendant obtained a judicial separation from plaintiff on April 21, 1978. Plaintiff then instituted this action for divorce on June 4, 1980, and alleged as the ground therefor LSA-R.S. 9:302 which provides, in pertinent part, that:
"When there has been no reconciliation between the spouses for a period of one year or more from the date the judgment of separation from bed and board was signed, either spouse may obtain a judgment of divorce."
Defendant answered plaintiff's petition and incorporated therein a reconventional demand in which she sought to have a judgment of divorce rendered in her favor (apparently her reconventional demand was also based on LSA-R.S. 9:302) and to be awarded alimony in the amount of $350.00 per month.
The trial of this action was held on August 22, 1980. The trial court rendered judgment in favor of defendant and against plaintiff decreeing an absolute and final divorce between the parties, and condemning plaintiff to pay $100.00 per month in alimony to defendant. As mentioned above, plaintiff appeals only from that portion of the judgment condemning him to pay alimony.

*136 ALIMONY
Plaintiff argues that under the clear provisions of LSA-C.C. Article 160, defendant is in no way entitled to alimony in any amount.[1]
LSA-C.C. Article 160 provides that:
"Art. 160. Alimony after divorce
Art. 160. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.
(Amended by Acts 1964, No. 48, § 1; Acts 1979, No. 72, § 1, eff. June 29, 1979.")
Alimony after divorce is awarded to a spouse only if that spouse proves that she or he has insufficient means for her/his maintenance.[2] Maintenance includes only the basic necessities of life, such as food, clothing and shelter. The earnings of the wife are considered "means" for her support. Vanier v. Vanier, 344 So.2d 1077 (La. App. 3 Cir. 1977); Ward v. Ward, 339 So.2d 839 (La.1976).
Plaintiff presented evidence of the fact that defendant is currently employed by Central Louisiana Electric Company (CLECO) earning $4.36 per hour, or approximately $755.73 per month.
The record further reveals the following:
1. There were no children born or conceived during the marriage of plaintiff and defendant;
2. That defendant is 21 years of age;
3. That defendant has no major financial obligations; and,
4. That there are no children dependent on defendant.
We find that defendant has sufficient means to provide herself with the basic necessities of life and, therefore, the trial court erroneously awarded her alimony under LSA-C.C. Article 160.
For the above and foregoing reasons, the judgment of the trial court condemning plaintiff to pay alimony to defendant is reversed. The trial court judgment is affirmed in all other respects.
Costs of this appeal are assessed against defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] We mention the following in passing, although it has no moment with respect to the issues before us. Plaintiff had achieved the rank of E-4 in the U.S. Army at the time of trial, and his base pay was $720.00 per month. However, the trial judge found that plaintiff was effectively earning $1200.00 per month when his service-connected fringe benefits were added in.
[2] LSA-C.C. Article 160 was amended by Acts 1979, #72, § 1, effective June 29, 1979 to remove all gender-based references from that article.