CURRAULT, Judge.
Plaintiff-appellee, Ardene Deshotel Gabriel, and the defendant-appellant, Anthony Gabriel, were married in June of 1951 and were divorced in March of 1978. Pursuant to the divorce, plaintiff was awarded permanent alimony at the rate of seven hundred dollars ($700.00) per month and child support at the rate of one hundred dollars ($100.00) per month.
Several months later, in August of 1978, the only minor child for which support was awarded reached the age of majority. Defendant filed a rule to “eliminate” child support and decrease alimony. Plaintiff filed to increase alimony. A consent judgment was rendered October 23, 1978, terminating child support, but increasing permanent alimony to a rate of eight hundred dollars ($800.00) per month.
*539 Subsequently, in August of 1980, defendant filed a rule to terminate permanent alimony in response to which plaintiff filed to increase. After trial on the merits on April 18, 1981, Honorable Judge Fred S. Bowes, Division “E”, 24th Judicial District Court, dismissed both rules. It is from this adjudication defendant now devolutively appeals.
Defendant argues the trial court erred when it refused to terminate the permanent alimony of the wife where it appeared she was capable of gainful employment. Alternatively, defendant argues, the trial court erred when it failed to order the wife to seek employment or, alternatively, seek education or training as would fit her for gainful employment by a certain date in the future; and further erred by failing to terminate the alimony by a certain date in the future.
It is a well settled rule that a consent judgment of alimony is not subject to modification unless a change of circumstances supporting the modification is proved. Howell v. Howell, 391 So.2d 1304, 1306, (La.App. 4th Cir. 1980); Bernhardt v. Bernhardt, 283 So.2d 226, 229 (La.1973). The change in circumstances must occur between the date of the consent judgment and the date of the rule for modification of alimony. Howell, supra.
In reviewing the record, this court can find no error in the district court’s determination that neither party proved a change of circumstances necessitating a modification of the consent judgment. The record reveals that testimony adduced at trial demonstrated minimum change of circumstances certainly far short of the change required to modify an award of alimony. Plaintiff’s testimony gave no indication that her situation had worsened since the date of the consent judgment. Although she stated she was under the care of a physician for monthly injections as a result of breast surgery, he was not subpoenaed to testify in regard to her physical condition. Additionally, the plaintiff testified her present condition of health was less than perfect, in that she was taking medication for nerves, high blood pressure and an active ulcer. She introduced no supportive evidence or expert testimony whatsoever to substantiate her testimony.
Defendant also failed to establish that he was entitled to a reduction by a showing of changed circumstances. Defendant neglected to demonstrate that the plaintiff was able to work or was susceptible to training for work. Additionally, defendant did not prove that his situation had changed such as to warrant a reduction.
This court is conscious of the trial court’s great discretion in fixing amounts of alimony and such awards should not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Graff v. Graff, 407 So.2d 70, 72 (La.App.1981). Accordingly, the trial judge has much discretion in evaluating the weight of evidence, which is resolved primarily on the basis of the credibility of witnesses, such that the factual findings of the trial judge will be given substantial weight on review. Graff, supra.
After reviewing the record in this case, we find the trial court did not abuse its discretion. Since we find no reason to disturb the lower court’s finding of fact, the judgment appealed is accordingly affirmed, cost of appeal to be borne by both parties.
AFFIRMED.