YELVERTON, Judge.
The issue in this reduction of alimony appeal is whether a wife’s prolonged failure to seek employment necessarily constitutes a change in circumstances under La. Civil Code art. 160, thus justifying a modification of an earlier alimony judgment. The trial court held that it does and reduced alimony. The wife appealed. We reverse and dismiss the husband’s rule to reduce alimony. We hold that where there has been a consent judgment fixing alimony under circumstances where the wife was not then working, and where the evidence discloses the wife’s future employment was not contemplated, her failure to seek employment cannot be regarded as a change in circumstances.
The facts are undisputed. Verna M. Nash and his former wife, Mynona Nash, were divorced in 1980 after a marriage of 36 years. He retired from the military with the rank of lieutenant colonel. Their children are now grown and on their own. The couple married when Mynona was 17. She was never employed during the marriage. She has only a high school education. During the marriage she devoted herself to her children, her husband and his military ca *1091 reer. She is presently age 54 and in good health.
The judgment of divorce dated September 1980 contained the following alimony provisions:
“[Djefendant, YERNA M. NASH, pay unto petitioner, MYNONA A. NASH, born Andrews, permanent alimony in an amount equal to one-half (V2) of defendant’s military retirement pay, including future cost of living increases and one-half (V2) of defendant’s VA disability pension, including future cost of living increases, said amount however to be subject to credit and reduction for one-half (V2) of the cost of the premiums to be incurred in obtaining the following annuity and insurance policies;
(a) an insurance policy on the life of Verna M. Nash, providing for an annuity payment of at least $700.00 per month to Mynona A. Nash for the remainder of her lifetime in the event of the death of the said Verna M. Nash (said policy to be placed in effect upon termination of existing United States Army Survivor Benefit Plan which would terminate upon final divorce);
(b) a mortgage cancellation policy on the life of Verna M. Nash or an equivalent term insurance policy, providing funds sufficient to pay off the existing mortgage obligation pertaining to the residence of Mynona A. Nash, situated at 15 State Street, DeRidder, LA 70634.”
At the present time the wife is receiving alimony of $1,072 out of the husband’s net monthly income of $3,456. His income consists of his retirement benefits supplemented by his pay as a civilian civil servant at Fort Polk.
The husband was the one who, in the words of the trial court, “proposed and structured” the alimony arrangement above quoted. The wife consented and the judgment was signed. She was not employed at that time. She has remained unemployed and has not sought employment.
The husband filed the present rule to decrease alimony in 1982, two years after the September 1980 consent judgment. In the meanwhile, the only substantial change in either his or his wife’s financial circumstances was the incurring of a $5,000 medical bill by the husband for a face-lift. But it is not this voluntary medical expense that he relies upon as a change in circumstances. It is the absence of a change — the wife’s continued unemployment — that the husband utilizes as a basis for demanding a reduction of alimony. His argument is that Act 72 of 1979 which amended Civil Code art. 160 to add earning capacity as an element for consideration in determining alimony requires a holding that the failure of his wife to seek employment during the two years intervening since the alimony judgment amounts to a change in circumstances.
The trial judge agreed and reduced alimony from $1,072 to $772. The trial judge felt this result was necessary because the 1979 amendment to article 160 mandates that the court take into consideration the time necessary for the recipient of alimony to acquire appropriate education, training or employment. Since the wife has not actively sought employment, the trial court reasoned that that constituted a change in circumstances.
We disagree. It is clear from the language of the judgment which was proposed by the husband and accepted by the wife, that it represented a permanent alimony arrangement. The original judgment contains nothing suggesting that the parties contemplated the wife was to seek education, training or employment. There is no indication that the award was contingent upon any plans for the wife to go to work, or that whether she did or did not go to work would affect the permanency of the figure proposed and accepted. Earning capacity was an element for consideration in determining alimony under article 160 when the agreement was made. The original award was based on consent which has the same force and effect as a considered decree. Under these circumstances the award can be decreased only if the husband proves *1092 that there has been a substantial change in the circumstances of one of the parties. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir.1978), writ denied, 356 So.2d 1389 (La.1978); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); Bass v. Bass, 417 So.2d 67 (La.App. 3rd Cir.1982).
The husband did not prove that there has been a substantial change in the circumstances of either party. The wife was not working then and is not working now. That circumstance has not changed. The only actual change that has occurred is that the husband has had a change of heart.
We said in Cormier v. Cormier, 422 So.2d 719 (La.App. 3rd Cir.1982) that an unemployed spouse who had been found to have no earning capacity cannot be required to seek employment as a condition to an award of alimony. In the instant case the earning capacity of the wife was considered in the 1980 proceedings. The award was fixed accordingly. Therefore, the subject is removed from our consideration. It has been determined by the parties. Something more must now be shown than merely the wife’s failure to look for work to show a change in circumstances.
For the above reasons, the judgment of the trial court decreasing the alimony owed by plaintiff, Verna M. Nash, to defendant, Mynona Andrews Nash, is reversed and set aside and plaintiff’s rule is dismissed with prejudice. All costs at the trial level and on appeal are taxed to plaintiffs, Verna M. Nash.
REVERSED AND RENDERED.
STOKER, J., concurs and assigns reasons.
LABORDE, J., dissents and assigns reasons.