432 So.2d 959 (1983)
Virginia Ann Taggart GREEN
v.
Richard T. GREEN.
No. CA 0470.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 1983.
Neil C. Hall, III, Metairie, La., for plaintiff-appellant.
Alma L. Chasez, Metairie, La., for defendant-appellant.
Before REDMANN, C.J., and AUGUSTINE and BYRNES, JJ.
BYRNES, Judge.
By this appeal Dr. Richard T. Green seeks reversal of an adverse judgment on his rule to reduce or terminate alimony payments to his former wife. The district court reduced these payments, but in an amount which Dr. Green contends is inadequate and which Mrs. Green considers excessive. We reverse, finding that the evidence presented justifies termination of all alimony payments.
*960 The Greens were separated in April, 1972 after 17 years of marriage. The judgment of separation awarded Mrs. Green custody of the three minor children of the marriage. Dr. Green was ordered to pay $600.00 per month as alimony pendente lite and $600.00 per month as child support. By agreement between the parties Mrs. Green and the children continued to reside in the family home.
In July, 1973 Mrs. Green filed for divorce. Her petition prayed for permanent custody of the children as well as $1,200.00 per month permanent alimony and $140.36 as additional alimony through March 1974. In August 1973, Mrs. Green obtained a default judgment granting the divorce as well as her prayer for alimony and child custody.
Nine years later in April 1982, Dr. Green filed a rule to reduce or terminate these payments. After a hearing on the rule the trial judge ordered the alimony reduced to $1,000.00 per month. This appeal followed.
It is well established that a spouse who seeks modification of an alimony award must show a change in the circumstances of one of the parties from the time alimony was fixed. Ducote v. Ducote, 339 So.2d 835 (La.1976); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Cromwell v. Cromwell, 419 So.2d 974 (La.App. 3rd Cir. 1982); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980). C.C. Arts. 160, 232.
In the present case Dr. Green alleged changes in the circumstances of both parties. He established that Mrs. Green was unemployed at the time alimony was awarded but had been employed full time by the U.S. Government for eight years at an annual salary of approximately $13,000.00. He further showed that the children of his marriage with Mrs. Green, who were minors at the time alimony was set, had all reached the age of majority. He also alleged that his financial position had changed over the past nine years, impairing his ability to pay alimony.
At the hearing on the rule it was established that Mrs. Green's assets consisted primarily of the family home, a two story four bedroom house received as part of her community property settlement with Dr. Green. This house is incumbered by an $18,000.00 mortgage. It was further established that Mrs. Green was 47 years old with no physical impairments, a high school diploma, and two and one half years of college education.
Mrs. Green listed her monthly expenses as $1,831.64. However, she admitted on the stand that this figure included substantial support for the three children of her marriage to Dr. Green, all of whom were majors at the time of the hearing. She also admitted that she contributed to the maintenance of an automobile for each of the children and purchased clothing for them on her department store charge accounts. The record further establishes that Mrs. Green participated in a savings plan at work whereby $120.00 per month was deducted from her salary and placed in a credit union. In addition Mrs. Green's income tax return for 1981 shows that she was able to contribute some $633.00 to non-profit organizations during that fiscal year.
From a review of the record it becomes apparent that Mrs. Green's expense sheet was grossly inaccurate as a reflection of her monthly expenses. Insofar as the trial judge relied on these figures as a basis for his determination of Mrs. Green's continued need for alimony he was in error.
CC Article 160 provides the standard by which entitlement to alimony after divorce is determined. Under that article a spouse may be awarded alimony only if he or she proves they do not have sufficient means of support. Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). In determining the needs of the claimant spouse the reasonable costs of food, clothing, shelter, utilities, transportation, medical care and household expenses are considered as well as tax liability generated by alimony payments. Ducote, supra; Bernhardt, supra; Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981) and Tracy v. Tracy, 388 So.2d 66 (La.App. 1st Cir.1980).
*961 The rights of children in necessitous circumstances to support from their parents is set forth in C.C. Art. 227 et seq. A parent is not required to contribute to the education of his adult child or to support an adult child who is capable of self support. Phillips v. Phillips, 339 So.2d 1299 (La.App. 1st Cir.1976) C.C. Arts. 227, 230. The needs of major children should have no influence in determining a spouse's need for alimony.
By her own admission Mrs. Green's list of expenses in this case includes substantial sums which were spent on her adult children and not on herself. She testified that although two of her children were in college and the third about to start, all three still lived at home for at least part of the year. While we admire the assistance which Mrs. Green gives her children we cannot consider the amount she spends on them as part of her monthly expenses. C.C. Art. 160. Moreover, the record reflects that Dr. Green continues to contribute to the support of his children in the form of monthly allowances and/or payment of school tuition. Thus it appears the children are not utterly dependent on Mrs. Green for assistance.
Mrs. Green's net take home pay per month is $791.16. At the very least it seems that the alimony award should have been reduced by that amount. If $1,200.00 a month was sufficient to meet Mrs. Green's reasonable expenses in 1973, when she was unemployed and responsible for three minor children then her present salary should eliminate her need for at least that amount of alimony in the absence of a showing of some unusual expense which did not exist have at the time alimony was fixed. Ferrara v. Ferrara, 320 So.2d 287 (La.App. 4th Cir.1975). There being no such showing in this case we conclude that the trial judge abused his discretion in reducing the alimony by only $200.00. Moreover, as stated above we feel that Mrs. Green's expense list is inaccurate as a reflection of her monthly expenses including as it does food, clothing and other assistance for her major children.
Based on our evaluation of Mrs. Green's testimony and the record we feel that her actual expenses for certain items of monthly expenses such as food and charge accounts would be more accurately fixed at one third of the amounts listed. Moreover, $240.00 of her monthly income is used to pay income tax on the $1,200.00 per month which Mrs. Green was receiving as alimony. Without this liability Mrs. Green's expenses would barely exceed her income by $35.00 per month. As pointed out above Mrs. Green has been able to contribute $633.00 to charity in past years. Given these circumstances we feel it was a clear abuse of the trial judge's discretion not to terminate alimony completely.
Mrs. Green has a full time job and no physical disability. Her expenses, when adjusted to exclude what she spends on her major children, closely approximates her monthly earnings. There is no doubt that Dr. Green has shown a substantial change in Mrs. Green's circumstances. We do not discuss the evidence of Dr. Green's financial situation because we feel that he has sufficient means to pay the alimony fixed by the lower court. However, even where the husband's income is large in comparison to the wife's, an award of permanent alimony should be based primarily on a showing of need. Peraino v. Peraino, 414 So.2d 858 (La.App. 4th Cir.1982) and Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4th Cir. 1978).
In this case we conclude that the evidence clearly demonstrates that Mrs. Green no longer needs alimony and, under CC Article 160 and 232, is no longer entitled to it.
We therefore reverse the order of the trial court and order alimony payments terminated.
All costs of this appeal are to be borne by the appellee.
REVERSED.