441 So.2d 413 (1983)
Catherine P. ANDERSON
v.
Gerald F. ANDERSON.
No. CA-0677.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1983.
*414 Bettyanne Lambert-Bussoff, New Orleans, for appellant.
Philip R. Riegel, Jr., Parlongue & Riegel, New Orleans, for appellee.
Before SCHOTT, CIACCIO and WARD, JJ.
CIACCIO, Judge.
On October 7, 1982, the district court awarded the parties a divorce and ordered Gerald Anderson to pay child support in the amount of $800.00 per month[1] and alimony in the amount of $1,050.00 per month from the date of the trial. Additionally, Mr. Anderson was ordered to retain his children on his employment insurance policies and to continue his former wife's automobile insurance coverage. Gerald Anderson appeals this judgment complaining of the amount, computation, and effective date of the alimony *415 award. We affirm the judgment of the district court.
The issues presented for our review are as follows: (1) Did the trial judge err in awarding $1,050.00 in permanent alimony? (2) Did the trial judge err in failing to consider the fixed monthly award of child support in calculating alimony? (3) Did the trial judge err in calculating alimony based upon net income? (4) Did the trial judge err in refusing to make the alimony award retroactive to the date of the filing of the divorce petition?
(1) Amount of Permanent Alimony
Appellant complains that this award of alimony after divorce is excessive and that the award took into account certain impermissible expenses.
The trial court is vested with much discretion in fixing the amount of alimony, and such awards will not be disturbed on review absent a clear abuse of discretion. Gabriel v. Gabriel, 419 So.2d 538 (La.App., 5th Cir.1982); Hyams v. Hyams, 365 So.2d 527 (La.App., 3rd Cir.1979). Accordingly, such decisions by the trial court are entitled to great weight. Gabriel v. Gabriel, supra.
An award of alimony after divorce is controlled by Civil Code Article 160, which provides in pertinent part:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income.
* * * * *
In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
* * * * *
Alimony after divorce shall be awarded only when the requesting party is without fault and has insufficient means for support. C.C. Art. 160. Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir.1981).
The standard applied for an award of alimony after divorce differs from that which is applied for an award of alimony pendente lite. Broussard v. Menard, 316 So.2d 485 (La.App., 3rd Cir.1975). Alimony after divorce is in the nature of a pension to provide for the basic necessities of the recipient spouse, not to exceed one-third of the income of the contributing spouse. C.C. Art. 160. Wasson v. Wasson, 402 So.2d 718 (La.App., 1st Cir.1980). Wood v. Wood, 289 So.2d 211 (La.App., 1st Cir.1973). Alimony pendente lite is based upon the standard of support which existed during the marriage. Wasson v. Wasson, supra. Alimony after divorce is intended to provide the basic necessities of life, such as food, clothing, and shelter. Volker v. Volker, supra. It has also been interpreted to include reasonable transportation expense, utilities, household expenses and medical expenses. Vorisek v. Vorisek, 423 So.2d 758 (La.App., 4th Cir. 1982). It does not however include expenditures for newspapers, gifts, children's allowance, dog care, maid service, recreation, vacation, church tithes or life insurance. Vorisek v. Vorisek, supra.
Mr. Anderson alleges that the permanent alimony award was excessive. He first argues that the expense figures submitted by his wife were exaggerated in amount. In support of his contention, he points to the fact that the award of alimony pendente lite was $1,200 while the permanent alimony award is $1,050.
At the outset, it is to be noted that the award of alimony pendente lite was the result of an agreement between the parties, while the award of permanent alimony resulted from a trial on the merits. Moreover, appellant has failed to demonstrate a *416 factual basis for his contention that the figures presented at the hearing on permanent alimony are exaggerated, and our review of the record does not convince us that this is the case.
At the hearing on the issue of permanent alimony, Mrs. Anderson submitted a list of her monthly expenses. [Exhibit "Mrs. Anderson # 2"]. She testified that she arrived at the monthly expense figure of $2,896.39 by dividing the total annual expenses for herself and her children by twelve. She further testified that, with certain specified exceptions, the expense items which she submitted would have to be divided by three (namely, herself and two children) in order to arrive at a figure which represented her personal monthly expenses. The house note of $1,077.11 was mostly attributable to Mrs. Anderson, as it is not an obligation of the children. Therefore, considering the listed expenditures submitted in evidence on October 4, 1982, and the testimony of Mrs. Anderson concerning these expenses, it is clear that the alimony award of $1,050 per month was considerably lower than the amount which would have been estimated by the plaintiff as her monthly needs. Moreover, the award of $1,050 per month was considerably lower than the maximum alimony award of $1,333 per month which could have been granted in accord with Civil Code Article 160. Since Mrs. Anderson must pay $1,077.11 per month for the house note, which is a community obligation, the actual spendable income for her and her two children is only $750.00 per month. Accordingly, we find no abuse of discretion by the trial judge in awarding Mrs. Anderson $1,050 per month in alimony after divorce.
Appellant next argues that the trial court erred in considering the legally impermissible expense items of vacations, church tithes, alarm system expenses, and unspecified cash expenses in arriving at an award for alimony after divorce.
The document which contains these expenditures is dated October 2,1981, and was submitted into evidence at a hearing on a rule to fix child support which was heard on that date. The only itemized expense document submitted into evidence by Mrs. Anderson on the hearing for permanent alimony, which was conducted on October 4,1982, was Exhibit "Mrs. Anderson # 2" which reflects the combined expenses of the plaintiff and the children of the marriage. It does not contain any objectionable expenditures except one item: "Church and Charities $9.33." Since the other impermissible expenses were not properly before the court on the hearing on permanent alimony, we can safely assume that they played no part in the trial court's decision regarding the amount of permanent alimony. Furthermore, considering the amount of the award for permanent alimony, it would appear that the church expense which did appear on the itemization presented to the court at the hearing on permanent alimony was not considered in the court's computation of the award. Accordingly, we find no error in this regard.
(2) Consideration of Child Support
Appellant contends that the trial judge erred in failing to consider the fixed monthly obligation of $800.00 child support in calculating alimony.
The Louisiana Supreme Court, in Lewis v. Lewis stated, "In fact, the obligation of the parents to support their dependent children is one of the circumstances which the court must consider in determining the entitlement and amount of alimony after divorce." 404 So.2d 1230 at 1234 (La., 1981).
It would appear that the trial Judge was cognizant of the child support award when he ruled on the amount of alimony after divorce. Immediately after discussing various aspects of the alimony award, the court stated:
"On the basis of the income and expenses as reported the court determines that the child support shall remain the same because it was not one of the considerations established in this rule, and it remains at eight hundred dollars." [tr. 137].
*417 (3) Income Basis
Appellant contends that the trial court erred in failing to calculate the alimony award on the basis of his net income. In Vorisek v. Vorisek, supra, this Court stated that gross pay is the proper figure to be considered for purposes of alimony.
It is clear in this case that the trial judge took into consideration both the gross and net income of the defendant:
This is a case in which the plaintiff in rule, the defendant in the case, Gerald Anderson, has admitted a gross monthly income of four thousand dollars and a purported net monthly income of twenty-two ninety-eight [tr 134].
Since the trial judge took into account the defendant's gross income and net income we find no error in his approach. See: Super v. Super, 397 So.2d 1084 (La. App., 4th Cir., 1981), writ denied, 397 So.2d 583 (La., 1981).
Further, it is apparent the trial judge concluded that appellant's net monthly income exceeded the $2,298.00 claimed by defendant.
(4) Effective Date of the Award
Appellant contends that the trial court erred in refusing to make the alimony award retroactive to the filing of the petition for divorce. Thus, he argues that the appellee was able to utilize dilatory tactics and thus received alimony pendente lite for four additional months.
The trial judge has discretion in setting the effective date of an alimony award depending upon the particular circumstances of the case. Oliver v. Oliver, 417 So.2d 1278 (La.App., 1st Cir.1982); writ denied 397 So.2d 1358 (La., 1981). Dubourg v. Dubourg, 291 So.2d 441 (La.App., 4th Cir. 1974).
The trial judge found that the extensions of time granted in this case were proper, and there has been no showing that the trial judge abused his discretion in making his alimony award effective from the date of judgment.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The child support award was a ratification of a child support judgment rendered in the earlier separation proceedings.