GULOTTA, Judge.
A divorced husband appeals from a January, 1983 judgment denying his rule to terminate or decrease $1,000.00 per month permanent alimony awarded in a consent judgment in May, 1982. We affirm.
The husband contends the trial court abused its discretion in denying a reduction because the evidence clearly demonstrated “a change for the worse in his financial condition” since the prior judgment. He further points out that the wife’s income and net worth allow her “sufficient means for support”.
A party seeking modification of an alimony award established by a consent judgment must show a “change of circumstances” since the date of the judgment. Ducote v. Ducote, 339 So.2d 835 (La.1976); Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir.1978), writ denied 356 So.2d 1389 (La.1978); Gabriel v. Gabriel, 419 So.2d 538 (La.App. 5th Cir.1982). The moving party bears the burden of showing a “substantial” change. Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976); Nash v. Nash, 431 So.2d 1090 (La.App. 3rd Cir.1983); Vial v. Vial, 422 So.2d 523 (La.App. 5th Cir. 1982), writ denied 427 So.2d 868 (La.1983). Absent a showing of a clear abuse of discretion, the trial court’s judgment will not be set aside or amended. Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982).
Because of the absence of any evidence of a change in the wife’s circumstances since the May, 1982 consent judgment, her situation is not in issue. The issue before us is whether the husband proved a substantial change in his circumstances entitling him to relief.
Mr. Halpern has operated a retail fabric business as a sole proprietor for approximately 15 years. In the year ending July, 1982, the business had sales in excess of $1,000,000.00, a gross profit over $368,-000.00 and a net business income in excess of $54,000.00. According to Halpern, the business had additional sales over $387,-000.00 from August through November, 1982, but lost over $47,000.00 after expenses during that period.
Part of the salary and wage expense of the business is Halpern’s monthly draw. Before the May, 1982 judgment, the husband’s monthly salary from the business averaged $3,730.00. From June through November, 1982, however, his salary averaged $2,616.00 per month. Halpern testified his draw in December, 1982 was approximately $1,600.00, and in January, 1983 was between $800.00 and $1,000.00. He stated that he has “no set rules” for determining the amount of his monthly draw and that he draws “exactly what” he needs.
In addition to his retail business, Halpern has real estate generating rental income of $5,225.00 per month. The rents are deposited in the business account, but are not counted as sales. The business pays the mortgages on the properties and other expenses including insurance, taxes, repairs and maintenance.
According to Halpern, he was paying on various loans at the rate of $5,900.00 per month before the alimony judgment. He testified that since May, 1982, however, his business indebtedness has increased by *802 $24,000.00, and various bank loans have been consolidated into a single $210,000.00 note payable in three years at the rate of $7,152.00 per month.
The evidence considered, we reject Hal-pern’s contention that the increase in the loan payments and the decrease in the net profits of his business demonstrate a “downward turn” in his financial condition entitling him to a modification of the May, 1982 judgment.
Despite the testimony by Halpern and his accountant concerning the deteriorating net profit structure of the business, a reasonable conclusion can be made that its financial health may not be as bad as it appears in the listed net profit figures.
Although the evidence does apparently demonstrate some change in the husband's circumstances, we do not conclude that the trial judge abused his discretion in refusing to reduce or terminate the $1,000 per month alimony payment. Notwithstanding the increase in loan payments to the bank, we cannot say that the husband, who possesses considerable assets and continues to enjoy a sizeable monthly salary and rental income, has shown a substantial change justifying relief. See Sonfield v. Deluca, 385 So.2d 232 (La.1980). We find no error in the trial judge’s ruling.
Accordingly, the judgment is affirmed.
AFFIRMED.