464 So.2d 914 (1985)
Alfred Peter Poursine GIBSON
v.
Martha Young, wife of Alfred Peter Poursine GIBSON.
No. CA-2391.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*915 Henry Hoppe, III, Slidell, for appellant.
Glenn L. Morgan, New Orleans, for appellee.
Before GULOTTA, BYRNES and CIACCIO, JJ.
CIACCIO, Judge.
Defendant appeals from a judgment which dismissed her rule to increase alimony and made absolute the plaintiff's rule to discontinue alimony. We affirm.
The parties married in 1949, separated in 1967, and divorced in 1970. Three children were born of the marriage; the youngest became a major in November of 1983. Plaintiff had been paying defendant $200.00 per month representing child support and post-divorce alimony.
Plaintiff retired from the Navy in 1969. Since that time he worked at various jobs, but is presently unemployed. He collects a pension from the Navy. He has remarried.
Since the divorce, defendant has attended college and obtained a B.S. and an M.A. in English from the University of New Orleans. She has sought employment at various positions, but has yet to secure a permanent full-time job. She says that her employment opportunities are limited because she has high blood pressure. The record does not contain medical evidence establishing the seriousness of defendant's *916 high blood pressure condition, nor the extent of debilitation, if any.
The issue presented for review is whether the trial judge abused his discretion by terminating alimony. Defendant argues that she needs alimony, in fact an increase in alimony, to meet her needs. Plaintiff argues that defendant has obtained an education through receiving a master's degree while receiving alimony and is now capable of satisfying her needs herself.
At the hearing on the rules, both parties acknowledged the existence of an agreement to terminate alimony following defendant's receiving her master's degree. Plaintiff claims alimony was to terminate three months after defendant received her master's degree regardless of whether defendant was employed. Defendant agrees that alimony was to terminate after she received her master's degree, but only if she secured a job.
The trial judge found that the parties agreed that alimony would stop when defendant obtained her master's degree. We have reviewed the record and cannot say this finding is clearly wrong.
In the area of domestic relations, much discretion is vested in the trial judge, particularly when he evaluates the weight of the evidence which is resolved primarily on the basis of the credibility of the witnesses. The factual findings of the trial court are therefore to be accorded very substantial weight on review. Pearce v. Pearce, 348 So.2d 75 (La.1977). We will not disturb those findings, upon review, unless they are clearly wrong. Flamm v. Flamm, 442 So.2d 1271 (La.App. 4th Cir. 1983).
For a party to establish entitlement to post divorce alimony, that party must demonstrate his need and also, the means of the other spouse. La.C.C. Art. 160. A party who seeks a modification of any alimony award must show a change in the circumstances of one of the parties from the time when alimony was fixed. Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983).
Appellant argues that plaintiff did not carry his burden to establish a change in circumstances. Since divorce, the time when alimony was set, all of the children have reached the age of majority and defendant has improved upon her education level from being a high school graduate to now holding a master's degree in English. We find a substantial change has occurred since alimony was set.
Appellant contends that she is in necessitous circumstances, and that the termination of alimony will leave her destitute. She argues that enforcement of any agreement to terminate alimony under these circumstances in contrary to public policy.
The trial judge's "Facts and Reasons for Judgment" indicate that he was unimpressed with defendant's contentions that she cannot obtain employment. Appellant is well educated. The evidence indicates no pressing responsibilities that would keep her out of the job market. The evidence indicates apparent earning capability sufficient for appellant to meet her needs. There is no evidence to significantly cloud this appearance.
The evidence supports a conclusion that appellant has the capacity to take care of herself. The trial judge did not abuse his discretion by ruling that alimony would discontinue after defendant was awarded her master's degree. See Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir.1984).
Finally, appellant claims the trial judge erred in denying her alimony because of her claim to a portion of plaintiff's pension benefits. Our reading of the judgment and the reasons therefor does not suggest defendant's claim to plaintiff's pension as a reason for the court's judgment. The trial judge reserved to defendant her right to establish any claim to plaintiff's pension benefits because this issue had not been adjudicated in these proceedings. We find no error in this.
Accordingly, the trial court judgment is affirmed.