499 So.2d 1263 (1986)
Warren HUBER
v.
Julia Ann HUBER.
No. CA-5433.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
*1264 Adelaide Baudier, J.D., Metairie, for plaintiff-appellant Warren Huber.
Frederick P. Heisler, New Orleans, for defendant-appellee Julia Ann Huber.
Before KLEES, WARD and WILLIAMS, JJ.
KLEES, Judge.
Plaintiff appeals the district court's judgment denying his motion to terminate or decrease alimony and ordering him to pay past due alimony plus interest and attorney's fees to the defendant, his former wife. On appeal, plaintiff claims that the trial court erred by refusing to terminate or reduce alimony, by awarding an incorrect amount of interest on past due alimony payments, and by awarding attorney's fees. After reviewing the evidence, we find no manifest error in the district court's decision.
Plaintiff and defendant were married in 1947 and separated twenty-five years later, in 1972. In 1973, alimony pendente lite was awarded to the wife in the amount of $225.00 per month plus twenty-five (25%) percent of all incentives and bonuses received by the husband. Despite the husband's contention during the divorce proceeding that alimony should cease, the divorce judgment awarded the wife permanent alimony in the same amount as alimony pendente lite. Since that judgment was rendered in 1975, plaintiff has petitioned the court on several occasions to have the alimony terminated, without success.
The present motion to terminate alimony was filed on June 25, 1985. During discovery proceedings, records were uncovered which revealed that the husband had failed to remit to his former wife the requisite percentage of certain incentives and bonuses he had received in the past five years. As a result, the wife's counsel filed a petition to make the past due alimony executory, requesting interest and attorney's fees. Shortly thereafter, the wife's counsel received a check from the husband's counsel in the sum of $2,385.15, with a letter stating that the check was being tendered "for the full amount remaining due" the wife. This check was returned to the husband's counsel with a statement explaining that the amount was incorrect because no interest was included. On November 7, 1985, the husband's counsel deposited the original amount tendered into the registry of the court, subject to the wife's right to withdraw. Because the wife was apparently never notified of this deposit, the amount remained in the court registry until the matter was tried on January 22, 1986. After hearing the testimony, the trial judge ruled that the husband had failed to show that there had been a change in either his or his former wife's circumstances such as would warrant a termination or reduction of alimony, and therefore denied his motion. The judge then granted the wife's motion and ordered the husband to pay the stipulated amounts of past due alimony with interest, plus $250.00 attorney's fees.
It is well-settled that a spouse who seeks modification of an alimony award must show a change in the circumstances of one of the parties from the time the alimony was fixed. Ducote v. Ducote, 339 So.2d 835 (La.1976); Martin v. Martin, 457 *1265 So.2d 189 (La.App. 2nd Cir.1984); Green v. Green, 432 So.2d 959 (La.App. 4th Cir. 1983); Halpern v. Halpern, 442 So.2d 800 (La.App. 4th Cir.1983). In the instant case, plaintiff failed to prove that any such change has occurred. During trial, plaintiff admitted that he can well afford to pay the amount of alimony originally awarded. As for his wife, the testimony revealed that she has worked as a teacher in the Orleans Parish public schools for sixteen years, during which time she has received no more than routine salary increases. We agree with the trial court that these increases, which have been just enough to offset inflation, do not constitute a change in circumstances sufficient to warrant a reduction of alimony. As there was no other evidence presented to show a change in circumstances, we affirm the trial court's denial of the husband's motion to terminate or reduce alimony.
The husband also complains that the trial judge erred by awarding interest beyond the date of the court deposit on the past due alimony payments owed to the wife. We disagree. The husband's check was deposited in the court registry only after the wife's counsel had returned the check with a letter explaining that the wife could not accept it because it was not for the proper amount. In LaGraize v. Bickham, 391 So.2d 1185 (La.App. 4th Cir.1980), we made it clear that a deposit into the registry of the court is without legal effect unless it represents the full amount owed. In this case, the wife's counsel was justifiably concerned that accepting the husband's check might prejudice the wife's right to recover the full amount. See Carlyon v. Aetna Cas. & Sur. Co., 413 So.2d 1355 (La.App. 3rd Cir.1982). Moreover, although the check was deposited in the court registry in November, the wife's counsel was not notified, and therefore the wife was unaware of the deposit until the day of trial. Under these circumstances, the trial judge did not err by awarding interest beyond the date of the deposit.
Finally, plaintiff complains that the trial judge erred by awarding attorney's fees. La.R.S. 9:305 provides that when the court renders a judgment to make past due alimony executory, it shall award attorney's fees and costs to the prevailing party, "except for good cause". In this case, there is no good cause for denying attorney's fees. Therefore, we will not disturb the trial judge's award of $250.00 attorney's fees to defendant.
Accordingly, for the reasons given, we affirm the judgment of the trial court, with all costs to be borne by appellant.
AFFIRMED.
WILLIAMS, J., concurs.
WILLIAMS, Judge, concurring.
I respectfully concur. This is yet another case which demonstrates the difficulty in determining whether a party is entitled to permanent alimony under Louisiana Civil Code Article 160, and the inconsistent decisions that may be reached as a result. More definitive guidance from the legislature is needed by the courts.