527 So.2d 382 (1988)
Warren HUBER
v.
Julia Ann HUBER, his wife.
No. CA 9218.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
Rehearing Denied July 19, 1988.
Adelaide Baudier, J.D., Metairie, for plaintiff-appellant.
Frederick P. Heisler, Heisler & Wysocki, New Orleans, for defendant-appellee.
Before SCHOTT, KLEES and PLOTKIN, JJ.
SCHOTT, Judge.
Appellant, Warren Huber, filed a rule against his divorced wife, Julia Ann Huber, to terminate post divorce alimony on the ground that he had retired and suffered a reduction in income. The trial court modified the alimony to delete payments of twenty-five percent of incentive and bonus pay from his employment but refused to terminate the fixed alimony of $225 per month. The issue is whether a spouse who retires and suffers a reduction in income from about $4,000 monthly to $938 is entitled, as a matter of law, to termination of all alimony payments to the spouse whose needs are the same.
Appellant had previously brought a motion to reduce or terminate alimony in June 1985 and took an appeal from the trial court's denial of the motion. This court affirmed. Huber v. Huber, 499 So.2d 1263 (La.App. 4th Cir.1986). Appellant's present burden is the same as then, to prove a change in circumstances from the time the alimony was last considered. Appellant established that his income has been drastically reduced as a result of his voluntary retirement, but the trial court refused to terminate the alimony under the circumstances.
Appellant is fifty-nine years of age. He stated that he retired to escape the pressures of his job and built a $70,000 retirement home in Alabama with funds saved by him and his present wife. He estimated his income, combined with that of his present wife, was over $1900 per month of which about half is from the separate property of his wife. In 1986 their combined income was over $4500 per month. The principal reason for the difference is appellant's voluntary retirement. In 1986 they also received interest from savings which were spent on their home in 1987.
*383 LSA-C.C.P. art. 160 authorizes the court to allow the spouse, who has not been at fault and has not sufficient means for support, permanent alimony out of the property and earnings of the other spouse. In his own testimony at trial of the rule to terminate alimony appellant specifically admitted that appellee's circumstances have not changed since the last time they were in court. Thus, the underlying basis for appellee's entitlement to alimony that she has not sufficient means for support, is undisputed. The trial court has the discretion to allow her permanent alimony and the judgment appealed from is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.
PLOTKIN, Judge, dissenting with written reasons.
I respectfully dissent and would reduce plaintiff's permanent alimony obligations by 50 per cent from $225 per month to $112.50 per month.
The majority finds that the combined income of Mr. Huber and his present wife has diminished by 78 per cent from $4500 per month to $1900 per month. Although the diminition was caused by Mr. Huber's voluntary retirement, I view that retirement as a legitimate change in circumstances, justifying reduction of his alimony obligation. The record indicates that the retirement was prompted by a heart attack and Mr. Huber's desire to protect his health. There are no indications in the record that the purpose of the voluntary retirement was to deprive the former Mrs. Huber of alimony.
Mr. Huber's formal request was only for termination of alimony, which, as the majority notes, is not justified under the facts of this case and the caselaw since his former wife's situation has not changed and she is still in necessitious circumstances. However, inherent in that request is a request for reduction of alimony in response to the dramatic change in Mr. Huber's income. Louisiana jurisprudence is clear that a reduction of alimony can be justified by proof of a change in either spouse's circumstances. Sonfield v. Deluca, 385 So.2d 232 (La.1980).