526 So.2d 509 (1988)
Myrna Solar FOX, Plaintiff-Appellant,
v.
Beldon E. FOX, Defendant-Appellee.
No. 87-407.
Court of Appeal of Louisiana, Third Circuit.
June 7, 1988.
Hunter & Boland (Gary L. Boland), Baton Rouge, for plaintiff-appellant.
Armentor & Wattigny (Gerard B. Wattigny), New Iberia, for defendant-appellee.
Before LABORDE, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns the termination of alimony payments. Mrs. Fox appeals contending that: (1) the trial court erred in terminating alimony payments when at the age of 51 she has only a high school education, numerous debts, health problems which prevent her from being able to properly support herself and is in necessitous circumstances; and, (2) the trial court erred in allowing Beldon Fox to cease paying alimony when he clearly had the ability to pay and she was in necessitous circumstances. We affirm.

FACTS
Myrna and Beldon Fox were divorced on October 10, 1974. Mr. Fox was ordered to pay permanent alimony in the amount of $500 per month. In 1986, Mr. Fox filed a motion to terminate alimony. Mrs. Fox then filed a motion to increase alimony and a motion for contempt for non-payment of alimony.
The trial court determined that all alimony payments had been paid timely and dismissed *510 Mrs. Fox's rule for contempt and arrearages.
The trial court further found that Mrs. Fox was no longer in necessitous need as contemplated by LSA-C.C. Art. 160, in that she was gainfully employed and able to provide for herself; therefore, the trial court terminated alimony.

TERMINATION OF ALIMONY
A spouse who seeks the modification of an alimony award must show a change in circumstances of one of the parties from the time alimony was fixed. Laporte v. Howell, 452 So.2d 420 (La.App. 3rd Cir.1984); Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983). When a person who receives alimony is no longer in need of it, in whole or in part, a discharge from alimony may be sued for and granted. LSA-C.C. Art. 232. Alimony after divorce is awarded to a claimant spouse if the claimant spouse proves insufficient means for maintenance. Volker v. Volker, 398 So.2d 134 (La.App. 3rd Cir.1981). Where the husband's income is large in comparison to the wife's, an award of permanent alimony should be based primarily on a showing of need. Green v. Green, supra.
Mindful of the principles of law stated above, we incorporate herein the pertinent part of the learned trial court's reasons for ruling:
"Looking to the rule to terminate, the applecable [sic] law is found is [sic] Civil Code Article 160, last paragraph. This court must now decide if the husband is correct and there no longer exists a need for such support. The evidence leaves little doubt but that this husband has the ability to pay support, and I find little reason to discuss this aspect.
What are the needs of MYRNA SOLAR FOX? Nothing has been filed in the record to itemize her needs. Although such an itemized affidavit on behalf of the husband, [has been submitted,] none has been filed for the wife. The only evidence of need therefore, must come from testimony. In response to a question by Mr. Boland, the wife's attorney, she stated her only expenses were "RENT AND FOOD." There was no elaboration, not [sic] were any amounts given for these general items. Although she testified at length concerning her health, she presented no evidence as to any expenses as a result. She further failed to produce any evidence to corroborate her claim of ill health. All in all, the court was presented no evidence as to the needs of MYRNA SOLAR FOX. This cannot be supplied by supposition or conjecture.
Another aspect of this matter relates to MYRNA SOLAR FOX'S income. She testified that she is gainfully employed, and has been for some time. She presented herself as an articulate and competent witness, quite capable of being gainfully employed by reason of temperment and education. She appeared quite suited to the type of employment she had and gave no reason or evidence to contradict this impression. She testified that she requested no special treatment from her employer, that she denied any debilitating illness or condition on her application for employment, and she in fact worked whenever called upon. Defendant's exhibit "2" is a payroll register showing the gross wages of MYRNA SOLAR FOX being $4,320.00 for the period between January 1, 1986 and August 31, 1986, for an average of $540.00 per month. There was no showing that such would not continue.
The court also must look at any other factors which may affect the wife's needs. In this instance, it is impressive that she received a total of $364,570.00 in alimony from 1974 to the date of trial. In addition thereto, she received other funds from Mr. Fox and his mother. Specifically, in 1984 she deposited a total of $41,601.00 in her bank account, whereas the alimony paid to her was only $12,271.00.

* * * * * *

CONCLUSION
Looking at the totality of the evidence and the record as it stands, the court concludes that MYRNA SOLAR FOX is *511 not in necessitous circumstances at this time. There has been a material change in circumstances since she is now employed and has no children to care for. The court adopts the rationale of GREEN vs GREEN, 432 So.2d 959, and will decide this matter on the basis of the needs of MYRNA SOLAR FOX. In so doing it is found that she has no long term financial obligations, no unusual or recurring expenses, and no one but herself to support. The court further finds that she is gainfully employed and can work on a full time basis. Most importantly, MYRNA SOLAR FOX failed to show any necessity for continued support."
We have carefully reviewed the record and conclude that the trial court did not abuse its wide discretion in terminating alimony.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mrs. Fox.
AFFIRMED.