WARD, Judge.
Lawrence Hartman and June Callihan Hartman were divorced on February 22, 1983. By judgment of September 21, 1983 Mrs. Hartman was granted permanent alimony of two hundred dollars a month. On August 13, 1987 Mr. Hartman filed a rule for termination of alimony. After a hearing, the Trial Court denied Mr. Hartman’s request. Mr. Hartman appeals.
The issue in this appeal is whether Mr. Hartman established a sufficient change in circumstances to justify termination of alimony. We affirm the Trial Court judgment because we find that Mr. Hartman did not establish a sufficient change in his former wife’s circumstances.
To prevail on a rule to terminate alimony, the plaintiff must prove a sufficient change in circumstances of either himself or the defendant between the time alimony was first set and the hearing on the rule to reduce or terminate alimony. Gibson v. Gibson, 464 So.2d 914 (La.App. 4th Cir.1985); Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). Mr. Hartman alleges a change not in his own circumstances but in Mrs. Hartman’s. The alleged changes are an increase in Mrs. Hartman’s income and means because of their community property settlement, because their daughter reached majority, and because Mrs. Hartman acquired more work experience in four years of continued self-employment in what formerly was the family business. Mrs. Hartman responds that Mr. Hartman did not carry his burden of establishing a change in circumstances.
Mr. Hartman first argues that the Trial Judge, by failing to use the terms “change in circumstances,” erred by applying incorrect principles of law at the hearing. Although we agree, this error does not require reversal.
“Change in circumstances” is not a consideration found in codal law; it is a judicially created standard. The Civil Code *1337 only states that permanent periodic alimony shall be revoked if it becomes unnecessary. La.C.C. art. 160. In Aldredge v. Aldredge, a case involving a consent judgment on child support, the Supreme Court noted:
The necessity of proving a substantial change of circumstances prior to modification of support awards has essentially been created by the court of appeal. Although this court has recognized that proof of a change in circumstances is generally necessary for modification of these awards ... we have never held that this requirement is imperative under the Civil Code or public policy. Requiring proof of change of circumstances is, in general, valid, and is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises.
477 So.2d 73, 74 (La.1985).
Therefore, because this Court is inclined to use the change in circumstances standard, the parties have focused on this issue in their briefs, and the record contains the evidence necessary to apply this standard, we will review the Trial Judge’s decision under the change in circumstances standard.
Mr. Hartman argues that Mrs. Hartman’s circumstances have changed because of the assets she received in the community property settlement executed by the parties on November 3, 1983, shortly after the Trial Judge set permanent alimony. This argument is meritless. On the same day that the Trial Judge granted permanent alimony to Mrs. Hartman, September 21, 1983, the Judge issued a judgment partitioning the Hartmans’ community property. The settlement executed by the parties is essentially a recapitulation of the judgment signed on September 21. Therefore, we conclude that the Trial Judge must have taken into consideration the property given to each spouse by the partition when he set permanent alimony. Termination of alimony is not justified on this basis.
We also reject Mr. Hartman’s argument that Mrs. Hartman’s assets increased, creating a change in circumstances, when the Hartmans’ daughter reached majority. The daughter, who still resides with Mrs. Hartman and attends college, reached eighteen years of age twenty days before the hearing on Mr. Hartman’s rule. The only consequence of Mr. Hartman’s daughter’s attaining the age of majority is that Mr. Hartman’s child support obligation arguably terminated. Green, 432 So.2d at 961.
Mr. Hartman questions the expenses listed by his former wife, claiming they included expenses incurred for the support of his daughter. According to the affidavits of income and expenses submitted by Mrs. Hartman in 1983 and before the 1987 rule hearing, Mrs. Hartman’s share of monthly expenses has not changed significantly during this time. Her expenses are reasonable and not extravagant. The only expenses she has listed incorrectly are the monthly charge of $75.00 for education expenses which Mrs. Hartman testified she paid for her daughter and $100.00 for charge accounts which she testified was for her and her daughter. Even if we subtract the education expense and half of the charge accounts expense, we do not believe this is a change in circumstances sufficient to justify a termination of alimony. Notwithstanding that Mrs. Hartman’s monthly income in 1987 was slightly higher than in 1983, and her monthly expenses have slightly decreased since 1983, her overall monthly expenses are still approximately $400.00 above her monthly income. Thus, because Mrs. Hartman’s expenses remain significantly higher than her income, the daughter’s majority has no discernable effect on Mr. Hartman’s permanent alimony obligation to Mrs. Hartman.
Mr. Hartman next argues permanent alimony should be terminated because Mrs. Hartman has acquired employment experience in the years since alimony was set. The record reveals that by 1987 Mrs. Hartman owned 51 percent of the stock of the business which Mr. Hartman started. *1338 The rest of the stock is owned by the Hartmans’ son. Apparently, sometime after the Hartmans’ community property was partitioned, Mrs. Hartman bought additional shares in the business. Mrs. Hartman testified she had always worked in the business but was compensated for her work only after she and Mr. Hartman separated.
Acquiring job experience itself will not justify a termination of permanent alimony because this would mean working spouses who continue to work after divorce must always forfeit an award of permanent alimony at some point. Alimony may be terminated if, for example, the spouse receiving alimony acquires employment or a marketable educational degree after alimony was awarded, or if her income increases substantially after the award. See, Gibson v. Gibson, supra. Routine salary increases do not constitute a change in circumstances sufficient to warrant termination of alimony. Huber v. Huber, 499 So.2d 1263 (La.App. 4th Cir.1986). The record indicates that Mrs. Hartman was working in the same position at the time of the hearing as she was when permanent alimony was granted. Her income has only slightly increased. Also, Mrs. Hartman had an ownership interest in the business when alimony was set as well as when the hearing was held. The increase in her ownership interest does not indicate that alimony should be terminated because, in this case, the increase is not linked to an increase in income. Instead, this change only means that Mrs. Hartman owns more of a struggling business than she did before. According to the financial statements for the business, its liabilities significantly exceed its assets.
Therefore, considering Mrs. Hartman’s circumstances both when alimony was set and when the hearing was held to terminate alimony, we find that she has not experienced a change in circumstances sufficient to justify terminating alimony. In sum, although arguably the Trial Court erred in its application of the law, when the legal principles followed by this Court are properly applied, the Trial Judge’s decision was not manifestly erroneous. Accordingly, we affirm the judgment and assess the costs of this appeal to Mr. Hartman.
AFFIRMED.
BARRY, J., dissents with reasons.