^WILLIAMS, Judge.
The defendant, Winton Rebouche, appeals a trial court judgment in favor of the plaintiff, Lynette Marie Long, that ordered defendant to pay past due child support in the amount of $29,447.00 and fixed his monthly child support obligation at $397.00. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.
FACTS
On January 22, 1990, the plaintiff filed a “Petition to Establish Paternity, Support and For Attorney Fees” in the trial court. The defendant was served and he timely answered the petition, admitting that all parties should be ordered to submit to blood tests for determination of paternity.
After extensive pre-trial litigation regarding the issue of paternity, the case was finally called for trial in August of 1995. The hearing officer found that the defendant was the father of the minor child. The defendant excepted to the finding of paternity.[1] A hearing on the issue of child support was set, but was continued first at the defendant’s request, and then later at the State’s request due to the court-appointed expert’s inability to complete his report. Trial on the issue of child support was finally held in October of 1995, and the hearing officer’s recommendation was filed into the record in March of 1996. The defendant again excepted to the hearing officer’s findings.[2] After a hearing *896 on the exception, the trial court rendered judgment adopting the hearing officer’s findings. The ^defendant appeals the trial court’s judgment only with regard to the monetary awards for child support.
DISCUSSION

Inclusion of Spouse’s Income

By his first assignment of error, the defendant contends the trial court abused its discretion by including his wife’s income in its determination of the parties’ adjusted gross income for the purpose of calculating child support. We agree.
LSA-R.S. 9:315(6)(c) states in pertinent part:
The court may also consider as income the benefits a party derives from expense-sharing or other sources. However, in determining the benefits of expense-sharing, the eourt shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party’s actual expenses.
The trial court based its decision to include defendant’s spouse’s income on LaForge v. LaForge, 26,317 (La.App.2d Cir. 1/25/95), 649 So.2d 151. In LaForge, the defendant and his new spouse were involved in a joint trucking business. This court found that the new spouse’s income was used directly to reduce the cost of the defendant’s actual expenses, because due to the nature of the trucking business, each spouse’s income and expenses were so commingled with the expenses of “the truck,” the expenses were impossible to separate. LaForge v. LaForge, supra at 154.
In the instant ease, the trial court reasoned and plaintiff argues in brief that because defendant’s wife was a co-owner of one of defendant’s businesses, their expenses are impossible to separate. We disagree. The defendant testified that he paid his spouse a salary for bookkeeping and secretarial work. The salary was not necessarily a reduction of defendant’s business expenses because presumably, defendant would have had to pay someone else, if not his wife, to perform these ^duties. Consequently, plaintiff made no showing that defendant’s expenses were reduced by hiring his wife for bookkeeping and secretarial work. Nor was there any documentation showing how defendant’s wife’s salary from the business may have been used to reduce defendant’s household expenses. Because there was no showing how defendant’s expenses were reduced by his wife’s income, this case is distinguishable from LaForge v. LaForge, supra and the trial court abused its discretion by including the spouse’s income in its child support calculations.

Inclusion of Defendant’s Depreciation

The defendant also assigns as error the trial court’s inclusion of depreciation amounts that defendant had deducted on corporate tax returns in calculating the income from his business. This assignment of error lacks merit.
LSA-R.S. 9:315(4)(c) states:
“Gross income” means:
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from self-employment, rent, royalties, proprietorship of a business, or joint ownership or closely held corporation. “Ordinary and necessary expenses” shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation expenses or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support, [emphasis ours]
In the present case, defendant deducted depreciation on his tax returns as an ordinary business expense. However, there is no information provided on the return, in the testimony, or anywhere else in the record to show whether the depreciation defendant de *897 ducted is the accelerated component of depreciation, which must be included in his income according to the above statute, or if the depreciation is of an excludable type. Since defendant did not prove to the trial court that his depreciation should be excluded from his income, we decline to find that the trial court abused its discretion by including defendant’s depreciation in his income.

14Determination of defendant’s income based on his “earning potential”

Defendant next assigns as error the ' trial court’s determination of child support based on his earning potential for the years 1994 and 1995. He argues that the trial court should not have made such a determination since the court specifically declined to find that defendant was voluntarily underemployed. Further, defendant argues that he was not voluntarily underemployed during 1994 and 1995, because he started a new business venture for the purpose of making money. Defendant’s contentions have merit.
LSA-R.S. 9:315.9 states in pertinent part:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party’s earning income potential been made.
In the present case, there has been no finding that the defendant was voluntarily underemployed. Indeed, the trial court declined to so find. Further, this court has held that starting a new business to make money is not voluntary underemployment. Mayo v. Crazovich, 621 So.2d 120 (La.App.2d Cir.1993); see Goodall v. Goodall, 561 So.2d 867 (La.App.2d Cir.1990). Defendant testified that he started his new business, Houseboat Adventures, Inc., because his other two businesses failed. The record supports such a showing, since tax returns and other documentation show a significant decline in defendant’s income in 1994 and show that both of his former businesses lost money in 1994. Further, the record shows that defendant’s new business venture operated at a huge loss in 1994 and 1995. The plaintiff has made no showing that the defendant started his new business in bad faith to decrease the amount of his child support payments. See Mayo v. Crazovich, supra at 123. Therefore, there is nothing in the record |swhich shows that defendant was voluntarily underemployed in 1994 or at the time of trial. Based on the above observations, the trial court abused its discretion by determining defendant’s income based on defendant’s earning potential as opposed to his actual earnings in 1994.

Excessive Pro-rata Share of the Minor’s Extraordinary Medical Expenses

By his fourth assignment of error, defendant contends the trial court assessed him with an excessive pro-rata share of the minor child’s extraordinary medical expense incurred in 1995, and that his share should be recalculated.
LSA-R.S. 9:315.5 provides that extraordinary medical expenses incurred on behalf of the minor child shall be added to the basic child support obligation. Because we have decided that the trial court erred in its determination of the defendant’s income for 1995 which is the year in which the child incurred the extraordinary medical expense, we find that the defendant’s share of the extraordinary medical expense should be recalculated once his income has been properly calculated. Retroactivity of Child Support Obligation
The defendant contends that the child support award in this case should not be made retroactive. He argues that the State committed errors which caused the five-year delay from the filing of the paternity suit to the child support award and thus, he should not be penalized for the delay. Further, defendant argues that his child support obligation should not be retroactive because of his financial hardship. These arguments are meritless.
LSA-R.S. 9:399 provides that when a judgment for child support is rendered against a defendant who has been adjudged in a paternity suit to be the parent of the child for *898 whom support is ordered, the judgment shall be retroactive to the date the paternity suit was filed. The court may make the award retroactive |6to a date subsequent to the filing of the paternity suit if it finds good cause, but under no circumstances shall the award be fixed later than the date of rendition of the paternity judgment.
Defendant submits that because the State of Louisiana, plaintiffs’ counsel, requested three sets of blood tests and because the state failed to comply with LSA-R.S. 9:397 et seq., the child support award should not be retroactive.
The record reveals that there were no deliberate delays by either party, but that both parties were meticulous in protecting their interests. This was merely a well-litigated case. Thus, the trial court was within its discretion to make the child support award retroactive to the date the paternity suit was filed. The fact that the defendant is now suffering financial hardship is of no consequence, since that hardship has already been taken into consideration regarding his current child support obligation. Further, the defendant’s current financial hardship does not negate his past due obligation to support his child.

Assessment of Expert Witness Fee as Part of Court Costs

The defendant contends that the trial court erred in fixing the expert witness fee as part of the court costs. He argues that because the expert witness was of little help to the trial court and because the expert was appointed upon plaintiffs motion, the plaintiff should have to pay the expert fee. This argument lacks merit.
The trial court has the discretion and authority to appoint experts to assist in the adjudication of any case in which their special skill or knowledge may aid the court, and the reasonable fees and expenses of these experts shall be taxed as costs of court. LSA-C.E. Art. 706; LSA-C.C.P. Art. 192. The trial court’s discretionary award of expert witness fees shall not be overturned on appeal without a showing of abuse of discretion. Huckabay v. Red River Waterway Commission, 27,113 (La.App.2d Cir. 10/12/95), 663 So.2d 414; rehearing granted, 11/22/95; writ denied, 95-3007 (La. 3/8/96), 669 So.2d 403.
| yin the present case, the court appointed Michael Wise, a certified public accountant, to aid in its determinations regarding the defendant’s income. Mr. Wise testified that he did not have all the information he would have preferred to have. However, he was still able to make determinations which the court used in its calculations. The expert clearly was of aid to the trial court. Further, the trial court’s findings were not in the defendant’s favor. Thus, the court did not abuse its discretion in assessing the expert witness’ fee as part of the court costs.
CONCLUSION
Based on the record, we affirm that part of the trial court’s judgment which: includes in the defendant’s income an additional $15,-000.00 per year for 1990, 1992, and 1993; fixes the retroactivity of the child support award; and, assesses the expert witness fee to the defendant as a cost of court. We reverse that part of the trial court’s judgment which fixes the defendant’s child support obligation based on the inclusion of defendant’s spouse’s income and the inclusion of income to the defendant in 1994 and 1995. The trial court’s assessment of fifty-six percent of the extraordinary medical expense to the defendant is also reversed. We remand this case to the trial court for: a fixing of the child support obligation based on a recalculation of defendant’s income that excludes the income of defendant’s wife; a recalculation of defendant’s income for 1994 and 1995 using defendant’s actual reported income for those years; and, a recalculation of the extraordinary medical expense. Costs of this appeal are assessed equally between the defendant and the plaintiff.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. No hearing was held on defendant’s exception to the hearing officer’s finding of paternity. The defendant also excepted to the hearing officer’s later findings on the issue of child support. See infra. Although no evidence regarding paternity was taken at the trial of defendant’s exception to the hearing officer's findings on the issue of child support, the hearing officer's finding of paternity was adopted by the trial court.

 The hearing officer found that the defendant’s child support obligation was: $416 per month for 1990; $228 per month for 1991; $553 per month for 1992; $547 per month for 1993; $271 per month for 1991; $397 per month for 1995 *896 and prospectively. The hearing officer further found that defendant’s portion of an extraordinary medical expense incurred on behalf of the minor child in 1994 was $802.48. Finally, the hearing officer recommended that the defendant pay $200 per month toward the liquidation of back due child support in addition to his current child support obligation.