JiDECUIR, Judge.
Ernest A. Rochon appeals the judgment of the trial court awarding Marcella Rochon permanent alimony. Appellant contends that the trial court erred in finding Marcella De-lahoussaye Rochon free from fault in the breakup of the marriage between appellant and appellee and in awarding permanent alimony in the amount of $1,159.00 per month.
Marcella and Ernest Rochon were married on July 26, 1969. Marcella Rochon filed a petition for divorce on May 25, 1995, on the grounds of adultery and alleging entitlement to permanent alimony. La.Civ.Code art. 112 provides that “[w]hen a spouse has not been at fault and has not sufficient means for support ...,” the court may allow permanent periodic alimony.
After trial on the merits, the trial judge rendered written reasons for judgment finding the testimony of Marcella Rochon and that of her witnesses to be credible and finding Marcella Rochon to be free of fault. The trial judge further stated that hejjfound the testimony of Ernest Rochon and that of the woman with whom he is accused of committing adultery to be unconvincing and not credible. The trial court concluded that the breakup of the marriage was completely the fault of Ernest Rochon. After reaching this conclusion, the trial judge addressed the issue of whether Marcella Rochon has sufficient means for her support and whether, out of the property and earnings of Ernest Ro-chon, she is entitled to permanent periodic alimony under La.Civ.Code art. 112. After evaluating the respective income and expense evidence submitted by each of the parties and the applicable jurisprudence, the trial court concluded that Marcella Rochon was entitled to $1,159 per month in permanent alimony.
The question of fault in a divorce proceeding is a factual one, and the trial court’s finding of fact on the question of fault is entitled to great weight and will not be disturbed on appeal in the absence of manifest error. Pearce v. Pearce, 348 So.2d 75 (La.1977); Harrington v. Campbell, 413 So.2d 297 (La.App. 3 Cir.1982). The question as to whether a party is entitled to permanent alimony is a factual one which is subject to the manifest error standard of review. See Vernotzy v. Vernotzy, 591 So.2d 1293 (La.App. 3 Cir.1991); Veron v. Veron, 94-1351, 94-1352 (La.App. 3 Cir. 9/12/96), 688 So.2d 1076.
The record reflects that after January of 1995 and before June of 1995, Ernest Rochon began telling his wife he needed time and needed to get away to “work things out.” Later, Mr. Rochon would leave and not tell his wife where he was going. Upon her inquiry, he refused to tell her where he was going, sometimes not returning home until 3 o’clock in the morning saying he needed freedom and time to “find himself.” Mr. Rochon started going out more and began coming in later and later, eventually not returning home until 6 o’clock in the morning. Mrs. Rochon requested that she | ¡¡and her husband see a marriage counselor, but he refused saying he needed time in order to work things out.
After being informed that Ernest Rochon’s truck had been seen parked at an apartment complex in Lafayette, Mrs. Rochon followed her husband to the apartment complex, and saw him go into one of the apartments. He stayed there for several hours. Later the next day, Mrs. Rochon returned to the apartment and recognized the lady who lived in the apartment as Ms. Menard. Mrs. Rochon later confronted her husband who told her he had not been in love with her for five years, he did not want to hurt her, and he was in love with someone else. Mr. Rochon offered Mrs. Rochon to share him with the other woman. Mr. Rochon continued to go to the other woman’s apartment even after confronted by his wife. He voluntarily moved *901 out of the marital residence in June 1995. Nevertheless, Mrs. Rochon continued to attempt a reconciliation. In June 1995, Mrs. Rochon went to the apartment where she saw her husband’s truck, and knocked on the door in order to give her husband a wedding anniversary card. Ms. Menard answered the door. Mrs. Rochon asked for her husband at which time he came to the door and told her he did not want anything to do with her, and advised his wife that he was living there with Ms. Menard. In May 1995, when the couple’s son graduated from high school, Mr. Rochon attended the graduation with the other woman.
The record reflects that shortly after Ms. Menard moved into The Landing Apartments in April 1995, she and Mr. Rochon went to New Orleans together for a weekend, where they shared a motel room. It was two weeks after Ms. Menard moved into this apartment complex that Mr. Rochon left his home and moved into the one bedroom apartment with Ms. Menard. Some time thereafter, the two of them moved into another apartment on Johnston Street in Lafayette. Although Mr. Rochon | testified that because of his sexual impotence he did not have sexual relations with Ms. Menard in any of the places where they lived, he only went to see a physician on one occasion for his sexual problem. He testified that he lives with Ms. Menard, but they have never engaged in any sexual activity-
The trial judge found the credible testimony to be that Ms. Menard and Ernest Ro-chon were sharing one bedroom in the apartment on Johnston Street in Lafayette. The trial court found that neither Ernest Rochon nor Ms. Menard were convincing in their testimony, and that their testimony is contradicted by another person whose testimony is credible and believable. The trial court concluded that all the credible testimony at the trial is that Marcella Rochon was completely and totally free from fault in the breakup of this marriage, and the breakup of the marriage was totally and completely the fault of Ernest Rochon. Based upon our review of the record, we find no manifest error in the trial court’s finding.
Turning to the issue of alimony, the trial court accepted Mrs. Roehon’s evidence of monthly expenses as true. The trial court explains how it arrived at the amount of alimony awarded in reasons for judgment:
I find that Marcella Rochon will have a yearly income beginning July 1, 1996, of a gross of $9,243. She will have federal income tax liability of approximately $1,023 and state income tax of approximately $201, leaving her a net earning income of $8,019. This reduces to a monthly income of $668. If we subtract that figure from her monthly needs of $1,918, then she has need and is in necessity in the amount of $1,250 ...
* * * * * *
... I find that the best evidence of the current income of Ernest Rochon is his 1994 W-2 form from his employer showing total wages of $47,173.36 gross. From that amount I deduct federal taxes of $8,796, state taxes of $840, leaving adjusted gross income of $37,539. That would leave net income per month to him of $3,128. On the other hand, if we take his gross income that would give him a gross monthly income of $3,931. In dealing with his net income per month of $3,128, from that amount I have deducted his alleged monthly expenses of $2,508 as ftgiven in Defendant’s Exhibit 2. That leaves a net income to him after his alleged expenses of $620. We also have to consider that Ernest Rochon has the benefit of income from Charlene Menard. LaForge v. LaForge, 649 So.2d 151 (La.App. 2d Cir.1995). The testimony of Ernest Rochon is that Charlene Menard pays $225 per month on their rent, $38 on their utilities, $125 per month on their food. Thus we can add $388 to the $620 available to Ernest Ro-chon giving a total of $1,008 available to pay alimony pendente lite. Additionally, we can add to that figure $120 which Ernest Rochon in Defendant’s Exhibit 2 shows for home insurance since that is an expense paid by Marcella Rochon and contained in Plaintiff’s Exhibit 2, and likewise we can add in $31 per month that he shows for house property taxes as that is also an expense which Marcella Rochon is carrying. Adding that would give net income of $1,159 which Ernest Rochon has available to pay permanent alimony to Marcella Ro-chon. In addition to that, Ernest Rochon has no notes to pay on any property ac *902 cording to Defendant’s Exhibit 2 as well as having two trucks and of course he only needs one truck. In addition to that he has $18,000 in cash which he withdrew from community assets. Therefore, Ernest Rochon has sufficient income, assets, and means to pay permanent alimony to Marcella Rochon.
If we subtract from the needs of Marcella Rochon in Plaintiffs Exhibit 2 totaling $1,918, the net income per month of Marcella Rochon of $668, her need and necessity is $1,250. Accordingly, I award to Marcella Rochon as permanent alimony beginning July 1, 1996, the sum of $1,159 to be paid by Ernest Rochon on the 1st day of each month commencing July 1, 1996.
We find no error in the trial court’s award of permanent alimony. The record, taken as a whole, supports the factual conclusions of the trial judge who evaluated the credibility of the witnesses and all the evidence and accepted as true the evidence submitted by Marcella Rochon.
The judgment of the trial court is affirmed. Costs of appeal are assessed to defendant-appellant.
AFFIRMED.