722 So.2d 406 (1998)
Byron Levy LAUNEY, Plaintiff-Appellant
v.
Dorothy Fadaol LAUNEY, Defendant-Appellee.
No. 98-849.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
*407 Bruce Achille Gaudin, Opelouses, for Byron Levy Launey.
Alex L. Andrus, III, Opelouses, for Dorothy Fadaol Launey.
Before COOKS, SAUNDERS and WOODARD, JJ.
SAUNDERS, Judge.
Byron Levy Launey appeals the judgment of the trial court awarding $250.00 per month permanent periodic alimony to Dorothy Fadaol Launey. For the following reasons, we reverse the trial court's decision.

FACTS AND PROCEDURAL HISTORY
Byron Levy Launey and Dorothy Fadaol Launey were married on January 16, 1960. One child, Byron Levy Launey, Jr., was born of the marriage. The parties separated on October 29, 1989, and on February 15, 1991, Byron filed suit for divorce, alleging that the parties had lived separate and apart for more than one year. Thirty-one years after their marriage, a judgment of divorce was rendered, reserving for Dorothy the right to seek alimony in the future. Their son was twenty-one years old at that time.
On November 14, 1997, Dorothy filed a Petition for Post Divorce Alimony. After a trial on the matter, the trial court held that Dorothy was free from fault, in need, and that Byron must pay her $250.00 per month. Byron Launey now appeals the judgment of the trial court.

DISCUSSION
La.Civ.Code art. 112 allows for an award of permanent periodic alimony to a spouse who "has not been at fault and has not sufficient means for support".[1] The trial court's judgment that Dorothy Launey was free from fault has not been challenged on appeal, thus we will begin our discussion with whether she is in "necessitous circumstances" as contemplated by the Civil Code and interpretive jurisprudence. See Preis v. Preis, 93-569 (La.App. 3 Cir. 2/2/94); 631 So.2d 1349.
Post-divorce alimony is in nature of a pension meant to cover the basic necessities of life. La.Civ.Code art. 112; January v. January, 94-882 (La.App. 3 Cir.2/1/95); 649 So.2d 1133. In determining the entitlement to alimony after divorce, the court shall consider a number of enumerated factors including:
 the income, means, and assets of the spouses;
 the liquidity of such assets;
 the financial obligations of the spouses, including their earning capacity;
 the effect of custody of children of the marriage upon the spouse's earning capacity;
 the time necessary for the recipient to acquire appropriate education, training, or employment;
 the health and age of the parties and their obligations to support or care of dependent children; and
 any other circumstances that the court deems relevant.
La.Civ.Code art. 112. The question as to whether a party is entitled to permanent alimony is a factual one which is subject to the manifest error standard of review. See Veron v. Veron, 94-1351, 94-1352 (La.App. 3 Cir. 9/12/96); 688 So.2d 1076; Rochon v. Rochon, 97-294 (La.App. 3 Cir. 10/8/97); 702 So.2d 899.
*408 The spouse who demonstrates a need for permanent alimony is only entitled to an amount sufficient to provide for his or her maintenance. Ward v. Ward, 339 So.2d 839 (La.1976). "Maintenance includes food, clothing, shelter, reasonable and necessary transportation expenses, utility expenses, medical and drug expenses, household expenses, professional dues, home and health insurance policies, telephone expenses, personal items, and income tax liability generated by the alimony payments." Widman v. Widman, 93-613 (La.App. 3 Cir. 2/2/94); 631 So.2d 689, 691 citing Vernotzy v. Vernotzy, 591 So.2d 1293 (La.App. 3 Cir.1991).
In order to determine a spouse's entitlement to alimony, the court must first determine whether she has sufficient means for her support, and if she does not, a principal factor considered in determining whether alimony is properly payable is the relative financial positions of the parties. La.Civ.Code art. 112; Parker v. Parker, 93-817 (La.App. 3 Cir. 3/2/94); 634 So.2d 1231. Thus, we must undertake a determination of whether Dorothy has sufficient means for her support.
At the time of their divorce, Dorothy was working as a computer operator at St. Landry Bank earning approximately $35,000.00 per year, and part-time managing a community enterprise at the local airport. Following the divorce, she was involved in two automobile accidents which left her disabled. Dorothy received $66,000.00 as her share of the personal injury settlements from the lawsuits brought pursuant to these accidents. By 1997, she had exhausted these funds.
Due to the injuries she sustained, her physician has restricted her working time to two and one-half hours per day. Currently, her net income consists of approximately $440.00 per month which she receives as salary from St. Landry Bank for her work as a part-time teller, and a Social Security Disability check of $1,051.00 per month. Dorothy's 401K retirement plan, which presently has no liquid value, will not be considered at this time.
In the community property settlement, Dorothy received both the family home on Market Street and another house on Tennis Street that had previously been used as rental property. Dorothy testified that in exchange for the maintenance work that her son does on the property, she allows him to live in the house on Tennis Street rent free. She is thus foregoing potential income to support her major son. In Kelly v. Kelly, 596 So.2d 286 (La.App. 3 Cir.), cert. denied, 600 So.2d 639 (1992), this court attributed $200.00 per month additional income to a wife who had a room in her home capable of being rented but that was left vacant instead. Dorothy testified that the house had previously been leased for $250.00 per month, thus this amount should be considered in Dorothy's total income calculation.
Thus, the following amounts will be attributed to Dorothy's monthly income:

Salary $ 440.00
Social Security Benefits $1,051.00
Uncollected but Attributable Rental
 Income $ 250.00
 _________
 Total Monthly Income: $1,741.00

We now turn to calculate Dorothy's permissible expenses. In the partition, she assumed the mortgages on both houses which, in 1991, the total amount owed was $94,000.00. In November, 1997, the balance owed on the two mortgages was $53,000.00. Dorothy was able to refinance the debt reducing her mortgage payments from $950.00 per month to $460.00 per month.
In her affidavit specifying monthly expenses and income, Dorothy lists an expense of $120.00 for allowances to children. The jurisprudence does not allow support of major children to be considered as a living expense of one of the spouses. Parker, 634 So.2d 1231. Dorothy's only son, Byron, is twenty-eight years old, thus this expense will not be considered as necessary.
Her affidavit also cites monthly credit card debts for five separate credit cards totaling $628.00 and a personal loan payment of $350.00 per month. There is no evidence in the record indicating what was purchased with these credit cards or with the money from the loan. In Parker, with regard to credit card debt, we stated:

*409 Since Wanda's monthly living expenses were itemized in another part of her affidavit, we cannot assume that the credit card debts should be included as living expenses. Without some proof of the origin of these debts, we will consider them miscellaneous. The term "support" does not encompass miscellaneous expenses. Lindsey v. Lindsey, 546 So.2d 1332 (La.App. 3 Cir.1989).
Parker, 634 So.2d at 1233.
Further, we held that "fixed debts that do not indicate their connection with any living expense" would also be considered miscellaneous and, thus, not a proper item of support. Id. at 1233. Dorothy testified that this debt accrued over several years and was used to supplement her living expenses, yet she has failed to show the origin of these debts or to demonstrate what expenses were supplemented. Therefore, Dorothy's credit card expenses and personal loan are not proper items of support.
Allowable monthly expenses listed by Dorothy include:

Mortgage $ 460.00
Food $ 200.00
Utilities $ 150.00
Doctor $ 50.00
Dentist $ 20.00
Drugs $ 50.00
Cosmetics $ 10.00
Clothes $ 20.00
Laundry & Dry Cleaning $ 42.00
Hairdresser $ 25.00
Yard Maintenance $ 40.00
Car Maintenance $ 75.00
Car Insurance $ 120.00
Health Insurance $ 113.00
Personal Insurance $ 35.00
Property Insurance $ 100.00
 _________
 Total Allowable Expenses: $1,510.00
 _________

After considering the evidence presented, we find that some of the plaintiff's claimed expenses are not "necessary" as that term applies to permanent alimony. Expenses for entertainment, charitable donations, and hobbies were also listed in plaintiff's affidavit. Such items are not proper items of support, and thus are not included in the expense calculation. It is important to note that normally, dry cleaning, yard maintenance and hair stylist expenses would not be considered as necessary items of support; however, due to the fact that the claimant is disabled, we will consider these necessities in this case.
Thus, Dorothy's permissible expenses total $1,510.00, while her income totals $1741.00, leaving an excess amount of $231.00. Since her permissible expenses do not exceed her means, we find Dorothy to have sufficient means for her support. Thus, an award of $250.00 in permanent periodic alimony in this instance was clearly erroneous.

DECREE
For the above and foregoing reasons, we reverse the judgment of the trial court awarding defendant $250.00 per month in permanent periodic alimony. All costs of these proceedings are to be paid by defendant-appellee, Dorothy Fadaol Launey.
REVERSED AND RENDERED.
NOTES
[1] According to La. R.S. 9:386, actions commenced prior to January 1, 1998 will be governed by the law in effect prior to that date. Since this action was initiated before the requisite date, we shall apply the law in effect prior to January 1, 1998.