GASKINS, J.
_jjMary Ann Richards appeals from a trial court judgment denying her request to reestablish final periodic spousal support. She contends that the trial court erred in concluding that the termination of his child support obligation was not a sufficient basis for ordering her former husband, James Bruce Richards, to pay spousal support again. We reverse and remand.
FACTS
In June 2011, Ms. Richards filed a motion to modify a previous spousal support judgment and for contempt. In her petition, she alleged that she had previously been found without fault in the breakup of the marriage and granted permanent spousal support of $400 per month, which terminated effective August 13, 2009. She contended that since the termination of alimony, a substantial change of circumstances had occurred warranting an award of spousal support. The change was the May 2011 termination of child support of $1,300 per month as a result of the parties’ daughter turning 18 years old and graduating from high school. Ms. Richards alleged that she is disabled and unable to work and that her only source of income is $674 per month in social security disability benefits. She also asserted her former husband’s failure to pay medical bills for the daughter.
In his answer, Mr. Richards admitted that his former wife was found free of fault and that no spousal support order was in effect. He also alleged that he had paid hundreds of dollars in dental expenses for the daughter while the mother had failed to pay her half. Otherwise, he denied Ms. Richards’ allegations.
|2A hearing on the motion was held on November 3, 2011. At a pretrial conference, the trial court apparently indicated *79 that it felt the loss of child support would not constitute a change in circumstances. In court, the parties stipulated that Ms. Richards was no longer receiving the monthly child support payment of $1,300 due to the child turning 18 and graduating from high school. They also stipulated that the child was still living with her mother. Ms. Richards’ monthly income and expense worksheet was admitted into evidence. It listed total monthly living expenses of $1,999, total fixed monthly debt of $60, or total monthly expenses of $2,059, with income of $674. On this form, she requested spousal support of $1,385 per month.
The trial court denied Ms. Richards’ request for final periodic spousal support. The court ruled that child support and spousal support were different matters and that a child turning 18 was not a substantial change in circumstances to increase spousal support. In the event the appellate court disagreed with the trial court ruling and remanded the matter, Mr. Richards reserved his right to argue how much monthly spousal support should be. The medical and insurance issues were continued.
Judgment in conformity with the trial court ruling was signed on November 23, 2011. Ms. Richards appealed from this judgment.
LAW
La. C.C. art. 112, pertaining to the determination of final periodic support, provides:
A. When a spouse has not been at fault and is in need of support, based on the needs of that party and the ability of the other party to |3pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
(1) The income and means of the parties, including the liquidity of such means.
(2) The financial obligations of the parties.
(3) The earning capacity of the parties.
(4) The effect of custody of children upon a party’s earning capacity.
(5) The time necessary for the claimant to acquire appropriate education, training, or employment.
(6) The health and age of the parties.
(7) The duration of the marriage.
(8) The tax consequences to either or both parties.
C.The sum awarded under this Article shall not exceed one-third of the obli-gor’s net income.
An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. La. R.S. 9:311(A)(1).
An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. La. C.C. art. 114.
In Mizell v. Mizell, 37,004 (La.App.2d Cir.3/7/03), 839 So.2d 1222 (Mizell I), we held that the support of a major child could not be considered a living expense of one of the spouses. In so ruling, we followed the jurisprudence of our brethren in other circuits. See Green v. Green, 432 So.2d 959 (La.App. 4th Cir.1983); Parker v. Parker, 93-817 (La.App. 3d Cir.3/2/94), 634 So.2d 1231; Launey v. Launey, 98-849 (La.App. 3d Cir.12/9/98), 722 So.2d 406. We reiterated this holding again in Mizell *80 v. Mizell, 40,601 (La.App.2d Cir.1/25/06), 920 So.2d 927 (Mizell II).
DISCUSSION
The record indicates that Ms. Richards previously received permanent spousal support of $400 from Mr. Richards but that ,it terminated in August 2009. Ms. Richard now argues that the loss of child support for the parties’ now adult daughter is a change of circumstances justifying awarding permanent spousal support to her again. However, the trial court found that this was not a substantial change.
The courts have generally addressed the issue of children attaining majority in the context of the former spouse seeking to reduce or terminate alimony or spousal support. Where the former wife included items pertaining to support of major children in her expenses, the court found that the needs of major children should have no influence in determining the spouse’s need for alimony. See Laporte v. Howell, 452 So.2d 420 (La.App. 3d Cir.1984); Mizell I, supra; Mizell II, supra. In Hartman v. Hartman, 534 So.2d 1335 (La.App. 4th Cir.1988), the court found that the child reaching majority was not a change in circumstance justifying termination of the wife’s alimony where the daughter was a student who still lived with the mother. The court found that the daughter’s majority had no discernable effect on the husband’s permanent alimony obligation to the wife. In Cromwell v. Cromwell, 419 So.2d 974 (La.App. 3d Cir.1982), the |ficourt affirmed termination of alimony paid by the former husband where he showed several changes in circumstances, including the fact that the children were majors and no longer lived with their mother. In Clary v. Clary, 550 So.2d 854 (La.App. 2d Cir.1989), the appellate court found no alimony reduction warranted where the former wife’s household had been reduced from including two major children (only one of whom actually lived at home) and a minor child who attended boarding school to one major, employed child. The court found any change in financial circumstances of the mother with respect to the youngest child attaining majority was offset by the termination of child support.
In support of his position, Mr. Richards cited Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir.1981). In that case, the father of four minor children was paying a total of $2,000 per month in child support and alimony ($400 per child and $400 in alimony). A provision in the parents’ divorce decree provided that the father would pay child support until the occurrence of certain events pertaining to “each said child”; one of these events was the child reaching age 18. When the oldest of these four children reached majority, instead of reducing the father’s obligation by $400, the trial court increased the monthly amounts to $500 per child and $500 in alimony, to continue the total amount of $2,000 per month. The appellate court observed that the mother had not even contended that there had been a change in circumstances since the amount of alimony and child support was originally set. Additionally, there was no evidence in the record indicating that the mother’s financial needs had increased [ (¡substantially. Finding that without the requisite showing of a change in circumstances in the mother/wife’s financial needs, the appellate court ruled that the increase was improper.
Child support and spousal support are distinct and separate matters. They arise from completely different obligations. Child support arises from parental obligations. La. C.C. art. 227. Final periodic spousal support arises from past marital obligations imposed by La. C.C. art. 112.
*81 We agree with the trial court that the loss of child support, standing alone, cannot carry Ms. Richards’ burden of showing a material change in circumstances. However, we do not believe that the jurisprudence precludes it from being a factor considered by the trial court under the appropriate circumstances. We do not address whether a former spouse seeking support could potentially make this showing where there are fixed, but shared, expenses with the child. (Such expenses could be housing expenses in the form of a house note, which does not decrease when a child leaves home.) From Ms. Richards’ monthly income and expenses worksheet, we are unable to discern that the listed expenses are ones that were previously shared such that the expenses have now increased “materially.”
The appellate record before us is silent on the reason spousal support was terminated in 2009.[1] We also lack information as to any changes in Ms. Richards’ income and expenses from the 2009 judgment until the present.
17Finding that the trial court erred in his conclusion that termination of child support can never be a factor in the determination of permanent spousal support, we reverse and remand for the trial court to decide whether any of the fixed and previously shared expenses are ones that should be considered and to give consideration of the claim for further support under the overall test of La. C.C. art. 112(B).
Also, this case is remanded for the trial court to consider whether Ms. Richards is able to show a material change in circumstances since the previous decree.
CONCLUSION
The judgment of the trial court is reversed and remanded. Costs of this appeal are assessed to the appellee, James Bruce Richards.
REVERSED AND REMANDED.

. Based upon the dates alleged in her petition, it appears that Ms. Richards filed her instant request for spousal support within the three-year peremptive period set forth in La. C.C. art. 117 for seeking spousal support.