# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

JASON EDWARD PALMER

VERSUS

JULIE HOLLEY PALMER

NO.  2026 CW 0149

**JUNE 4, 2026**

---

In Re:    Julie Holley Palmer, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 190236.

---

BEFORE:    McCLENDON, C.J., GREENE AND STROMBERG, JJ.

**WRIT GRANTED WITH ORDER.** The trial court's January 14, 2026 judgment denying Julie Holley Palmer's request for interim periodic spousal support is vacated. We find the trial court abused its discretion by including support for the parties' adult children in calculating the husband's ability to pay. Under La. Civ. Code art. 113(A), a court may award interim spousal support based on the needs of the requesting party, the ability of the other party to pay, any interim or final child support obligation, and the standard of living of the parties during the marriage. A parent is not legally obligated to support adult children who are capable of self-support or to fund their education. **Phillips v. Phillips**, 339 So.2d 1299 (La. App. 1st Cir. 1976). Consequently, Louisiana courts have consistently rejected inclusion of support for adult children as a spouse's living expense when determining spousal support. See **Green v. Green**, 432 So. 2d 959 (La. App. 4th Cir. 1983); **Russell v. Russell**, 520 So.2d 435 (La. App. 3rd Cir. 1987), writ denied, 520 So.2d 119 (La. 1988), cert. denied, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989); **Launey v. Launey**, 98-849 (La. App. 4th Cir. 12/9/98), 722 So.2d 406; **Mizell v. Mizell**, 40,601 (La. App. 2nd Cir. 1/25/06), 920 So.2d 927. The matter is remanded with instructions to the trial court to consider and rule on Julie Holley Palmer's request for interim periodic spousal support without including support for the parties' adult children as a living expense.

PMc
HG
TPS

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT